IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>vs.<br><br>EVERETT JAY WILSON,<br><br>                      Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  2:07CR514 DAK |

       This matter is before the court on Defendant Everett Jay Wilson's Motion to Clarify Sentence.  Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, Mr. Wilson requests that the court "clarify his sentence, reducing it by five months based upon errors and ambiguities in the record."  According to Mr. Wilson, the Bureau of Prisons' ("BOP") recent computation of his sentence "created errors and ambiguities in the record that require clarification of his sentence."

       Specifically, on January 17, 2008, the court imposed a term of imprisonment that was to run concurrent with a previous sentence and that was to begin on June 15, 2007–the date he was taken into custody for the instant escape offense.  Prior to the sentencing hearing, counsel for Mr. Wilson contacted the BOP to learn how it was going to calculate the time remaining on Mr. Wilson's underlying sentence.  Mr. Wilson's underlying sentence was not set to expire until January 28, 2008—after the sentencing hearing—and it was unknown how the BOP would treat his seventy-four (74) days of good time credit.  In response to counsel's inquiries, the BOP

1

indicated that the computation for Mr. Wilson's first sentence had not been completed and would not be completed until after his sentencing for the escape offense.

Subsequently, at Mr. Wilson's sentencing, his counsel explained this computation issue to the court, and requested a low-end sentence that would run concurrent to his first sentence and would begin on June 15, 2007. At the conclusion of the sentencing hearing, the court imposed the low-end sentence of fifteen (15) months and ordered that it "run concurrent with whatever is left on the sentence" from the previous case.

On or about May 13, 2008, BOP informed counsel for Mr. Wilson that it had recently completed Mr. Wilson's computation. The BOP chose to retroactively terminate Mr. Wilson's earlier sentence on October 26, 2007, three months before the sentencing hearing. Because of BOP's determination to retroactively terminate Mr. Wilson's earlier sentence, BOP began Mr. Wilson's calculation in this case on October 27, 2007—not June 15, 2007—a difference of approximately four and one half months. Mr. Wilson's current projected release date is November 27, 2008, which includes expected good time credit. Counsel for Defendant Wilson provided the BOP with a copy of the transcript from the sentencing hearing and requested the BOP to re-evaluate its computation. According to Mr. Wilson's counsel, the BOP declined to adjust its computation.

Accordingly, Mr. Wilson argues that this resulting sentence is inconsistent with the court's determination that the sentence should be fifteen months, to run concurrent with whatever was left on his underlying sentence. Mr. Wilson contends that the Judgment and Commitment be amended to state that his sentence is ten months–not fifteen.

The court understands Mr. Wilson's contention that BOP's calculation has resulted in a sentence that is approximately four and one-half months longer than what Mr. Wilson and his counsel contemplated at the sentencing hearing. It was clear at the time, however, that BOP had not yet calculated the time remaining on the underlying sentence, and this court has no authority with regard to such issues. Mr. Wilson's request is not a request to clarify the sentence, but rather a request to reduce his sentence by five months. This court does not have the authority to make such a modification.

Pursuant to federal law, 18 U.S.C. Section 3582, the district court loses jurisdiction of a case at sentencing. After a defendant is sentenced, it falls to the Bureau of Prisons, not the district judge, to determine when a sentence is deemed to "commence," *see* 18 U.S.C. § 3585(a) and whether the defendant should receive credit for time spent in custody. *See id.* § 3585(b); *United States v. Wilson*, 503 U.S. 329, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (BOP determines credit issues, not the district courts). Therefore, following sentencing, jurisdiction is turned over to the Bureau of Prisons and the defendant is then subject to the rules and standards that govern that agency. "Only the Attorney General through the Bureau of Prisons has the power to grant sentence credit in the first instance." *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994).

In *United States v. Blackwell*, 81 F.3d 945 (10th Cir.1996), the sentencing court was concerned that the sentence against the defendant was disparate with the sentence imposed by a different court on a related defendant, and the court used Rule 36, *inter alia,* as authority to reduce the defendant's sentence from fifteen months to a period of probation. On appeal, the Tenth Circuit stated, "[a] district court is authorized to modify a defendant's sentence only in

3

specified instances where Congress has expressly granted the court jurisdiction to do so." *Id*. at 947.  "Rule 36 gives the court authority to correct clerical-type errors . . . but does not give a court power to substantively modify a defendant's sentence." *Id*. at 948-49.   The change in *Blackwell* from fifteen months to probation was a substantive change, as is the alteration that Mr. Wilson seeks in the instant motion.

Similarly, in *United States v. Werber*, 51 F.3d 342 (2d Cir. 1995), the sentencing court incorrectly thought that two defendants would receive computational credits for other sentences. The district court used Rule 36 to modify the sentences of the two defendants when the credits were not granted.  The Second Circuit held that Rule 36 did not give the district court jurisdiction to a do such, stating, "Rule 36 authorizes a district judge . . . to amend the written judgement so that it conforms with the oral sentence pronounced by the court.  What Rule 36 does not permit, however, is the amendment of the oral sentence itself." *Id*. at 347.

Because this court lost jurisdiction at sentencing, it cannot now modify Mr. Wilson's sentence.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Mr. Wilson's Motion to Clarify Sentence is DENIED.

DATED this 21st day of July, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge